UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSHUA MILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-163 RLW |
| ) | |
| ERDCC and MODOC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Joshua Miley, an inmate at the Missouri Eastern Correctional Center ("MECC"), for leave to commence this civil action without prepaying fees or costs. The Court has reviewed the motion, and has determined to grant it and assess an initial partial filing fee of $1.00. Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice, and will deny as moot plaintiff's motion to appoint counsel.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not provided a certified copy of his inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). Any claim that plaintiff is unable to pay that amount must be supported by a certified copy of his prison trust account statement.

## Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered

within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the Missouri Department of Corrections ("MDOC") and the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). Plaintiff prepared the complaint using this Court's form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983, which clearly explains the necessity of alleging facts in support of the claims. However, plaintiff's statement of claim is set forth in its entirety as follows:

> On 08/12/2020 I was housed with people on quarintine [*sic*] with Covid-19 and was not able to get the air that I needed, proper cleaning supplies I needed.

(ECF No. 1 at 3). Plaintiff describes his injuries as "Medical Health, Civil Rights, Civil Liberty Rights, Mental Health (Bipolar, Add, Ad-HD, Depression/Anxiety)." *Id.* at 4. He seeks "350 Billion" in relief. *Id.* at 5.

## Discussion

Having carefully reviewed and liberally construed the complaint, the Court concludes that it must be dismissed. The sole defendants in this action are the MDOC, which is a state agency, and the ERDCC, which is a facility operated by the MDOC. "The Eleventh Amendment protects states and their arms and instrumentalities from suit in federal court." *Webb v. City of*

3

*Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). *See Nix v. Norman*, 879 F.2d 429, 432–33 (8th Cir. 1989) (The Eleventh Amendment to the United States Constitution prohibits suits against the state and state agencies.).

The Eleventh Amendment bars a § 1983 lawsuit against states and their arms and instrumentalities even if the entity is the moving force behind the deprivation of the federal right. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Larson v. Kempker*, 414 F.3d 936, 939 n. 3 (8th Cir. 2005). Therefore, although plaintiff claims the defendants violated his federally-protected rights, the defendants are nevertheless immune from plaintiff's § 1983 claims. Plaintiff has not demonstrated, nor is it apparent, that the defendants are somehow exempt from this Eleventh Amendment bar. *See* Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect and providing exceptions). Furthermore, the Supreme Court has determined that § 1983 does not abrogate the constitutionally-guaranteed immunity of the states. *Quern v. Jordan*, 440 U.S. 332 (1979). Finally, § 1983 "provides for an action against a 'person' for a violation, under color of law, of another's civil rights," *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008), and the defendants are not "persons" subject to suit under § 1983. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir.1991) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989)).

For the foregoing reasons, the defendants are immune from plaintiff's § 1983 claims, and they are not "persons" subject to suit under § 1983. Beyond that, the complaint fails to state a plausible conditions-of-confinement claim.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment on those convicted of crimes. *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009). Conditions of confinement "must not involve the wanton and unnecessary infliction of pain, nor may they be

grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To state a plausible conditions-of-confinement claim, plaintiff must demonstrate both an objective and a subjective element. To satisfy the objective element, plaintiff must demonstrate he was confined in conditions that were sufficiently serious to pose a substantial risk of serious harm or deny him "the minimal civilized measure of life's necessities." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994), *Hamner v. Burls,* 937 F.3d 1171, 1178 (8th Cir. 2019). To satisfy the subjective element, plaintiff must demonstrate that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he or she "knows of and disregards . . . a substantial risk to an inmate's health or safety." *Saylor v. Nebraska*, 812 F.3d 637, 645 (8th Cir. 2016).

Here, the complaint contains no facts establishing either the objective or the subjective element. While plaintiff claims he was housed with quarantined persons for a single day, he alleges no facts permitting the inference that such housing actually posed a substantial risk of serious harm. Also, plaintiff provides no factual enhancement for his statements that he was unable to get "the air that [he] needed" and was denied "proper cleaning supplies." (ECF No. 1 at 3). It therefore cannot be said that plaintiff has alleged sufficient facts to establish he was denied "the minimal civilized measure of life's necessities." *Farmer,* 511 U.S. at 834. Finally, plaintiff makes no attempt to allege that any individual actually knew of, and deliberately disregarded, a substantial risk to his health or safety.

Rather than supporting the proposition that he was held in unconstitutional conditions of confinement, plaintiff relies entirely upon conclusory statements that the Court is not required to accept as true. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true . . . the court is free to ignore legal conclusions,

5

unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"); *see also Iqbal*, 556 U.S. at 678 and *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). Even self-represented plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged. *See Stone*, 364 F.3d at 914-15.

The complaint describes no other theory of recovery, nor does it contain facts from which the Court can discern any plausible claim for relief. At best, the complaint asserts only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that the Supreme Court has found deficient, and that this Court is not required to presume true. *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). Having thoroughly reviewed and liberally construed the complaint, the Court has determined to dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 2) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 12th day of May, 2021.